

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| NGM INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No. 3:17-3099-MGL-SVH |
| THOMAS BLAIR and PAUL CAPELL, | § § § | |
| Defendants. | § § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This is a declaratory judgment action regarding an insurance policy (the Policy) Plaintiff issued to Defendant Paul Capell (Mr. Capell) and whether losses resulting from injuries Defendant Thomas Blair (Mr. Blair) sustained on Mr. Capell's property are covered under the Policy. Plaintiff and Mr. Blair are represented by counsel, and Mr. Capell is proceeding pro se. This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Plaintiff's motion for summary judgment, ECF No. 25, be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 30, 2018. ECF No. 32. Mr. Blair filed objections to the Report, ECF No. 34, to which Plaintiff replied, ECF No. 35. Mr. Capell failed to object to the Report.

The Report recommends the Court grant Plaintiff's motion for summary judgment because Mr. Blair was a resident relative under the Policy, and losses resulting from the injuries Mr. Blair sustained on Mr. Capell's property are therefore excluded from coverage under the Policy. Mr. Blair sets forth three objections to the Report, which the Court will address in turn.

Mr. Blair first objects to the referral of this matter to the Magistrate Judge. Mr. Blair maintains he has not consented to referral to a Magistrate Judge, and he insists he is entitled to have all proceedings handled by a District Court Judge. Mr. Blair misunderstands the procedure and requirements for referring pretrial matters to a Magistrate Judge.

Local Civil Rule 73.02(B)(2)(e) provides that the Clerk of Court shall refer all pretrial proceedings involving pro se litigants to a Magistrate Judge. When pretrial matters in a case have been referred to a Magistrate Judge, the Magistrate Judge may submit to the District Court Judge proposed findings of fact and recommendations for the disposition of a motion for summary judgment. 28 U.S.C. § 636(b). Consent of all parties is needed to refer a case to a Magistrate Judge for trial and final disposition, 28 U.S.C. § 636(c), but it is not needed to refer pretrial matters. Because Mr. Capell is proceeding pro se, the Clerk of Court properly referred all pretrial proceedings in this case to the Magistrate Judge. ECF No. 19. Accordingly, the Magistrate Judge

had the authority to issue the Report on Plaintiff's motion for summary judgment to this Court. *See* 28 U.S.C. § 636(b). Mr. Blair's first objection is therefore without merit.

Mr. Blair next objects to the Magistrate Judge's recommendation that the Court grant Plaintiff's motion for summary judgment because Mr. Blair contends there is a genuine issue of material fact as to whether he was a resident relative under the Policy during the relevant time. Specifically, Mr. Blair avers he was not a resident of Mr. Capell's property because his living arrangement with Mr. Capell was temporary, and there is a lack of evidence he and Mr. Capell intended the arrangement to be substantial in duration. The Court is unpersuaded.

Mr. Blair's second objection is simply a rehashing of one of his arguments raised in opposition to Plaintiff's motion for summary judgment. *See* ECF No. 29 at 5-7. Moreover, the Magistrate Judge thoroughly analyzed whether Mr. Blair constituted a resident relative under the Policy pursuant to South Carolina law, *see* ECF No. 32 at 5-8, and the Court agrees with the Magistrate Judge's well-reasoned conclusion. The Magistrate Judge explained Mr. Blair lived on Mr. Capell's property for over six months prior to the underlying incident causing Mr. Blair's injuries, and he continued to live with Mr. Capell for three months afterwards. *See id.* at 6. The Magistrate Judge further noted Mr. Blair had no other home or address on the date of the incident and had made no alternative future living arrangements. The Court agrees with the Magistrate Judge that these facts reveal Mr. Blair was more than a temporary visitor and was instead a resident relative under the Policy at the time of the underlying incident. *See State Farm Fire & Cas. Co. v. Breazell*, 478 S.E.2d 831, 832 (S.C. 1996) (outlining the factors to be considered in determining whether an individual qualifies as a resident of a household under an insurance policy). Accordingly, the Court will overrule Mr. Blair's second objection to the Report.

In his third and final objection, Mr. Blair argues summary judgment in favor of Plaintiff is inappropriate because there is a genuine issue of material fact whether he qualified as a resident of Mr. Capell's property under the Policy at the time of the incident, and courts should interpret policies in favor of coverage when there is a dispute regarding coverage. Like Mr. Blair's second objection, this objection is nothing more than a reiteration of an argument Mr. Blair presented in opposition to Plaintiff's motion, *see* ECF No. 29 at 7-9, which the Magistrate Judge considered and rejected, *see* ECF No. 32 at 8. Furthermore, as explained above, the Court rejects Mr. Blair's assertion there is a genuine issue of material fact regarding whether he constituted a resident relative under the Policy. Thus, there is no reasonable dispute concerning coverage that compels an interpretation in favor of coverage in this case, and the Court will overrule Mr. Blair's third objection.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Mr. Blair's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of Court Plaintiffs' motion for summary judgment is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Signed this 1st day of May 2018 in Columbia, South Carolina.

                                                      s/Mary Geiger Lewis
                                                      MARY GEIGER LEWIS
                                                      UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.